In the Matter of MANUEL R. FERNANDEZ, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, petitioner seeks to have annulled a determination of respondent State Liquor Authority, which cancelled his restaurant liquor license on the ground that he had ceased to conduct a bona fide restaurant on the licensed premises, and to compel the Authority to grant his application for a renewal of license. Determination annulled, without costs, and matter of the application for renewal of the license remitted to the respondent for reconsideration. The record contains no substantial evidence that the petitioner was not keeping and using regularly a bona fide restaurant in compliance with law. However, whether a renewal of the license should issue at this time is a matter calling for the lawful exercise of respondent's discretion after consideration of all the factors which could properly be considered in issuing a new license and also the prior conduct of the premises. Adel, Acting P. J., MacCrate, Schmidt and Beldock, JJ., concur; Wenzel, J., concurs in result.

■

In the Matter of BETTY HUBERMAN, as Executrix of EDWARD HUBERMAN, Deceased, Appellant, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, et al., Respondents.— Appeal dismissed (see *Matter of Huberman* v. *O'Connell, ante*, p. 762, decided herewith). Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.

■

In the Matter of LEONARD P. LEVY et al., Appellants, against CHARLES H. GRIFFITHS, as Surrogate of Westchester County, or Any Person Acting as Surrogate of Westchester County, Respondent.— In this proceeding pursuant to article 78 of the Civil Practice Act, the petitioners sought an order in the nature of mandamus to direct the Surrogate of Westchester County to make and enter a decree as proposed by them. The appeal is by petitioners from an order dismissing the proceeding. Order unanimously affirmed, with $10 costs and disbursements. The Surrogate, in entering a decree on the order of this court, " that the assignees be paid the respective amounts of their assignments *with interest,*" computed the interest at 3%. This was proper. Section 218 of the Surrogate's Court Act provides that interest shall be computed at 3% unless delay in payment was unreasonable. There has been no such finding. (See *Matter of Fromberg*, 281 App. Div. 1.) Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.